**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Justin W. Frazier, | ) | No. MC-10-0059-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Stryker Corp., et al., | ) | |
| Defendants. | ) | |

The court has before it Breg, Inc.'s motion to compel Dr. Brent P. Hansen's compliance with deposition subpoena (doc. 1), Dr. Hansen's opposition and cross motion to quash the subpoena (docs. 11, 12), and Breg's response and reply (doc. 13).

Underlying this discovery dispute are dozens of cases pending in federal court against various manufacturers of infusion pain pumps that are alleged to cause chondrolysis, a deterioration of articular cartilage. Defendant Breg, Inc. manufactures and sells one of these medical devices. In March 2006, Dr. Hansen and his colleague, Dr. Charles Beck, gave a presentation to the American Academy of Orthopedic Surgeons suggesting a possible link between the infusion of anesthetics by pain pumps and chondrolysis. In October 2007, Dr. Hansen and Dr. Beck co-authored a medical journal article, again suggesting a connection between the use of infusion pumps and the development of chondrolysis ("2007 study"). The 2007 study is relied upon by numerous plaintiffs to support their claims in the underlying

products liability lawsuits.

Breg filed the present motion to compel Dr. Hansen to appear at a deposition in Glendale, Arizona, related to his participation in the 2007 study, arguing that it has a substantial need to depose Dr. Hansen as a fact witness in order to defend against the products liability claims. Dr. Hansen moves to quash the deposition subpoena pursuant to Rule 45(c)(3)(B)(ii), Fed. R. Civ. P., arguing that he is not a retained expert, the 2007 study does not describe any "specific occurrences in dispute" in the underlying litigation, and the 2007 study was not requested by a party. Dr. Hansen further argues that he is not a "unique witness" because the information Breg seeks is available in documents already produced. According to Dr. Hansen, Breg has failed to demonstrate a substantial need for his testimony that cannot otherwise be met without undue hardship. See Fed. R. Civ. P. 45(c)(3)(C)(i).

Breg counters that it is not requesting an unretained expert opinion in contravention of Rule 45(c)(3)(B)(ii), Fed. R. Civ. P.. Instead, Breg argues that because plaintiffs are attempting to upgrade the "Level of Evidence" assigned to the 2007 study, it must inquire into Dr. Hansen's methodology in order to appropriately assess the study's scientific reliability. According to Breg, the evidence sought, including information relating to the peer review process, methods, reliability of methods, identification of participants, and participant selection processes, is available from Dr. Hansen alone. For example, Breg asserts that no other witness has been able to identify which patient records correlate to the patients examined in the study.

We conclude that Breg has demonstrated a substantial need for Dr. Hansen's deposition testimony that cannot otherwise be met without undue hardship. Dr. Hansen is asked to testify only as to his previously formed opinion, and is alleged to be the only person with knowledge of certain facts relating to Breg's defense of the underlying litigation. Dr. Hansen has not demonstrated that the deposition would be unduly burdensome or oppressive, particularly given that Breg has agreed to compensate him for his time and schedule the deposition at his convenience.

We reject Dr. Hansen's request to limit his deposition testimony to 2 hours. Breg has

asserted that up to 7 hours is required to obtain the requested information. It is willing to schedule the deposition on a weekend so as not to disrupt Dr. Hansen's clinical schedule. Dr. Hansen does not contend that such a deposition would be disruptive.

**IT IS ORDERED GRANTING** the motion to compel (doc. 1) and **DENYING** the motion to quash (doc. 11).

DATED this 11th day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge